# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Kelly Services, Inc.,
a Delaware Corporation,

    Plaintiff,   Case No.:

v.

TherxServices, Inc.,
a Florida Corporation,

    Defendant.
_____/

Plaintiff, Kelly Services, Inc. ("Kelly"), a Delaware corporation, by and through its undersigned counsel, sues Defendant, TherxServices, Inc. ("Therx"), a Florida corporation, and alleges as follows:

**Parties, Jurisdiction, and Venue**

1. Kelly is a Delaware corporation with its principal place of business located in Oakland County, Michigan. Kelly is a global leader in workforce management solutions and offers staffing services to top companies across a variety of industries. As part of Kelly's business, it contracts with other staffing companies, including Therx, to provide employees to perform work under Kelly's management and staffing contracts.

2. Therx is a Florida corporation with its principal place of business located at 313 East Oak Avenue, Tampa, Hillsborough County, Florida 33602. Therx provides job placement services for nurses, physical therapists, occupational therapists, speech therapists, and other healthcare professionals.

3. This matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), as the defendant is a resident of this judicial district.

## General Allegations

5. On or about September 13, 2012, Kelly entered into an Agency Service Agreement (the "2012 ASA") containing various terms, obligations, and logistical details regarding the staffing services Therx was to perform for Kelly's customer Shands Teaching Hospital and Clinics, Inc. d/b/a Shands Healthcare ("Shands"). This agreement was renewed on or about January 26, 2017 through the parties' execution of another Agency Services Agreement (the "2017 ASA"). Both the 2012 ASA and the 2017 ASA contained substantially the same indemnification provision, requiring of Therx the following:

> 6. **Indemnification.**
>    a) Agency will bear and insure the risks associated with its operations. Agency will indemnify and hold KVMS harmless for any and all loss or expense to the extent attributable to any negligent acts or omissions by Agency and/or, its employees and/or Agency Personnel.
>    b) Indemnification includes payment for all claims, losses, causes of action, penalties, and damages (other than special, indirect, consequential, or lost profit damages) caused by the operations or Agency employees involved, plus all of the costs, expenses, and legal fees associated with them. To claim indemnification, KVMS will give the earliest practical notice of the dispute to Agency, cooperate in the resolution of the dispute, and yield control of its decisions in the dispute to Agency.

6. Each ASA referenced and incorporated the Master Service Agreement between Kelly and Shands, where Kelly would be the designated limited agent for the coordination of Shands's supplemental staffing requirements. The Services which Therx was to provide under the ASA included, among other things, to provide personnel that met Shands's qualifications, complete pre-assignment checklists, comply with Federal and Florida laws, perform criminal

background and abuse screenings of nurse candidates, comply with licensing laws, and perform "Excluded Party Website" checks to ensure candidates were eligible to be placed on assignment. Therx also certified that it and its employees were not excluded, debarred, or otherwise ineligible to participate in federal health care programs.

7. Therx was also required, through the 2012 and the 2017 ASA to indemnify and hold harmless Kelly against any claims or liabilities for services provided by Therx, including those caused by negligent screening of personnel it placed on assignment.

8. In or about September 30, 2015, Therx completed a Pre-Assignment Checklist for submission to Kelly relating to Lydia Nixon, and in submission for Nixon to work for Shands. In the Pre-Assignment Checklist, Therx indicated that Nixon had a current RN license, license number RN 2882572 and expiring on April 30, 2016. As contemplated by the 2012 ASA, Nixon was placed at Shands based on the Pre-Assignment Checklist submitted by Therx.

9. Nixon was placed on assignment at Shands in late 2015. However, Therx did not report that Nixon had her nurse/nurses aid license revoked and/or surrendered on December 18, 2008. Therx did not report that Nixon was excluded from participation in federal health care programs and had been debarred, contrary to the requirements for personnel under the 2012 ASA.

10. At the time that Therx entered the 2017 ASA, Nixon was still engaged at Shands and her continued placement with Shands was a violation of the terms of the 2017 ASA.

11. When Shands ultimately discovered that Nixon was ineligible for her position, Nixon was terminated and Shands was forced to self-report the ineligible Nixon had been placed with the hospital.

12. Subsequent to Shands's discovery of Nixon's ineligibility and its corresponding self-reporting, Shands made a demand to Kelly asserting that it had incurred damages in an amount over $250,000 as a result of Therx's failure to properly conduct the screening of Nixon and its consequent improper placement of Ms. Nixon on assignment at Shands.

13. No later than July 2018, Kelly timely tendered in writing to Therx the demand from Shands related to Nixon. However, Therx failed to accept the tender or to assume control over the claim, as required under both the 2012 ASA and the 2017 ASA.

14. Therx failed to respond to subsequent demands from Kelly, leaving Kelly bare against the claims asserted by Shands. In an effort avoid costly litigation and only after Therx refused to assume control over the claim by Shands, Kelly entered into an agreement to resolve the claims by Shands.

15. Therx was notified of this agreement and given ample opportunity to participate in the agreement but Therx refused.

16. As a result of the resolution of the claims by Shands, Kelly suffered damages.

17. Therx has refused demands to indemnify Kelly for these losses, in further breach of its contractual obligations to Kelly.

18. Therx has breached its duty to indemnify Kelly under the 2012 ASA and 2017 ASA by failing accept the tender of the defense of the claim by Shands, to assume control over the decisions of the claim, and to indemnify Kelly.

19. Kelly has suffered damages as it was forced to defend, negotiate and resolve the claims by Shands.

20. All conditions precedent to this action have occurred or have otherwise been waived.

## COUNT I – Breach of Contract – Damages

21. Kelly realleges paragraphs 1 through 20 above, as if fully set forth herein.

22. The 2012 ASA between Kelly and Therx is a valid and enforceable contract.

23. The 2017 ASA between Kelly and Therx is a valid and enforceable contract.

24. Under both the 2012 ASA and the 2017 ASA, Therx had a duty to indemnify and control the decisions in the dispute with Shands related to Therx's performance under those agreements.

25. Ensuring that Nixon satisfied the qualifications and continuing requirements for placement at Shands was part of Therx's performance of the 2012 ASA and the 2017 ASA.

26. Therx materially breached the terms of the 2012 ASA and the 2017 ASA by failing to assume the defense against the claim by Shands and by failing to indemnify Kelly for the claim.

27. Kelly has suffered damages due to Therx's material breach of its contractual obligations.

WHEREFORE, Plaintiff, Kelly Services, Inc., demands judgment for damages against Defendant, TherxServices, Inc., an award of pre-judgment and post-judgment interest, and such other relief as the Court deems just.

Respectfully submitted this 18th day of December, 2020.

*/s/ Matthew F. Hall*
Matthew F. Hall
Florida Bar No. 94230

5

matthew.hall@hwhlaw.com  
anna.mukhova@hwhlaw.com  
Jarod A. Brazel  
Florida Bar No. 1017722  
jarod.brazel@hwhlaw.com  
melissa.huff@hwhlaw.com  
HILL WARD HENDERSON  
101 East Kennedy Boulevard, Suite 3700  
Tampa, Florida 33602  
Telephone No. (813) 221-3900  
Facsimile No. (813) 221-2900  
*Attorneys for Plaintiff*